Good morning and may it please the court. My name is Clara Bell Palacios and I represent the petitioner. I would like to reserve two minutes at this time for rebuttal, please. You may proceed. The issue here is whether the BIA incorrectly affirmed the IJ's erroneous finding that the petitioner's only conviction under California Penal Code 12025A is categorically a firearms offense under Section 237A2C of the INA. Here, the petitioner was placed in immigration proceedings with an NTA dated December 23, 2004, charging him with being removable under Section 212A6 as being present without admission or parole. The petitioner then submitted a cancellation of removal application as a form of relief from removal. The IJ pre-terminated the petitioner's application for cancellation of removal without a hearing, concluding that Section 12025A, a divisible statute prescribing more conduct than described in the federal definition, is categorically a removable offense. Let's focus in on how 12025A criminalizes more conduct than, I guess it's 1227A2C. Explain to me what it criminalizes that's not covered in the federal statute. Well, Your Honor, for one, the statute is divisible. It has three subparts. In Section 12025A3, the phrase is, causes to be carried, concealed within any vehicle in which he or she is an occupant. And here, the petitioner asserts that this section prescribes, well, A, we don't know which section he was convicted under, and B, it prescribes more conduct in that to be convicted under this section, possession is not an element of the crime, meaning it's not a necessarily included offense. But the federal statute also doesn't limit itself to possession. So tell me what the conduct is. Give me a hypothetical that would say, here's conduct that's criminalized under the state statute, but not under the federal statute. And I guess under Duenas-Alvarez, it has to be something realistic. So help me understand that. Well, for instance, an example would be having access to a firearm, but not having actual constructive control or custody of it, meaning if it's in the vehicle. Well, how do you have access? If it's in your vehicle, how don't you have, I don't know, how don't you have constructive control of it in a vehicle? Well, California, then, People v. Padilla, they have the, you don't, to be convicted under this statute, under A3, they analyze it, and you do not need possession to be convicted under this statute. But the federal one doesn't either. I mean, the federal one is very broad, and we've said in Malilia, I guess, that we interpret it very broadly, and it's got, let's see, purchase, sell, offer for sale, exchange, use, own, possess, or carry, and does not require possession. It's got use, carry. So what we have to do for you to win is to say, well, but cause to carry, there's some conduct that is not included in the federal statute. And I'm looking for what that hypothetical is. Well, Your Honor, in Malilia, the court, this court analyzed Title 18 U.S.C. Section 922E, where possession was an element of the crime. And that's the distinction. Give us a hypo. Give us some facts. You're coming up with, you're coming up with, you're saying, well, it could be, but our case law says it's got to be something more than some, they were standing on their head and it was on their toes, and, you know, give us some facts where, that show it would be a violation under California, but not under the federal. Give us some facts. Well, for example, in, as I said, as I said earlier, what would be, you know, there's a weapon in the vehicle, but you don't, you're not aware that it's even there. And you're not in possession of it. It's not on your person. It's not under your constructive or your immediate control. That would be an example. So you're saying that if you're driving, but you're not aware of a gun in the car, you're still causing it to be carried? I mean, that sounds to me like there's more of a mens rea to a cause to be carried. That's a knowledge issue. Yeah. Yes. And under the federal statute, don't you have the same issue? I mean, it's not a strict liability statute. Correct. You still have to have knowledge under both of them, right? So it still seems that that would be a violation under either. Well, if it's still, well, the California, again, would still require possession. However, another way that the federal, that this offense would not qualify as a federal offense, is that in the federal definition of a firearm, it specifically excludes antique firearms. Okay. That's a Johnny-come-lately argument, and I want to know, have you exhausted that? Well, Your Honor, the Mendez-Oriana, which is the case that we cited to in the 28-J letter, that just came down in 2010. And so when we submitted briefs at the time, this case wasn't available. However, the petitioner But when you're comparing the statutes that would be available to you, you didn't raise an antique defense here. And even I think that particular case says it's an affirmative defense, and I don't see that alleged as an affirmative defense here. And in the case that you cite, it says you've got to, you know, unless you allege that as an affirmative defense, the government's met its burden that you're not talking about an antique. So. Well, Your Honor, the BIA in that case, in concluding that the alien could offer an affirmative defense, they implicitly found that Section 12025A is not categorically a firearms offense. Are you saying implicitly that they didn't really hold it, or you're saying? Well, it's just the inference that that would be our position in terms of what was found in that case. All right. And thus, again, we'll reiterate, it's the petitioner still stands that the categorically it is not a offense that was Section 12025A is not an offense under the federal offense as it does not, there's no requirement of possession. And again, there is one could be convicted in California under the antique firearm offense, whereas they would not be able to in the federal offense. Are you saying the federal offense requires possession, and what's the case that holds that? Well, no, Your Honor, what we're saying is that in the statutes that have been analyzed, the petitioner has, or I'm sorry, the state statute that has been found to be categorically a firearms offense, possession was a requirement. Right, but we have to compare the state offense to the federal offense and see if the state offense criminalizes more conduct. And so if you're saying that possession is what's important, then I want to know whether the federal offense criminalizes only possession, and so if you could be convicted on something that doesn't include possession, then it criminalizes more conduct. But I don't, I'm not aware of a case that says the federal offense is limited to possession. I guess I'm still sort of struggling with why the state law criminalizes more conduct. Well, Your Honor, again, in Meluga v. Holder, the federal statute that was analyzed in that case, possession was an element of the crime. And so the California statute, we would argue that it's over-broadened, that it doesn't require possession. Right, you have about a little close to two minutes for rebuttal. Would you like to reserve that? Yes, Your Honor, thank you. Good morning, Your Honors. Blair O'Connor on behalf of the Attorney General. Your Honors, the petitioner in this case entered this country without inspection in 1990 and has maintained unlawful status ever since. He was placed into removal proceedings in 2004 after he came to the attention of immigration officials as a result of his California conviction for carrying a concealed weapon. He was charged with removability as an alien who entered without admission or parole. He conceded that charge, and removability is not an issue in this case. What is at issue is petitioner's eligibility for relief from removal, specifically non-resident permanent cancellation of removal. As an applicant for relief who filed after May 11, 2005, he bore both a statutory and regulatory burden of proof to establish his eligibility for relief. Furthermore, because the evidence in this case demonstrated that a mandatory basis for denial of relief existed, he bore the burden of proof by preponderance of the evidence that that mandatory denial basis did not exist. Now, in the circumstances of this case, that means that it was petitioner's burden to show that his California conviction for carrying a concealed firearm was not a conviction that rendered him removable under 237A2C. And as Judge Acuda pointed out, under Duenas-Alvarez and under Taylor's first step of the categorical approach, it requires him more to show more than a theoretical possibility that the state statute of conviction could apply to relief that is overbroad. It required him to show a realistic possibility by either his own case or any other case where the California courts have held that that statute would apply to conduct that falls outside the generic definition. So let me ask you the same sorts of questions because I've been struggling with this comparison. The California statute does have the language, cause to be carried. They say carried or cause to be carried. Sounds like it means something different. Padilla does have the one hypothetical that the court considered in Padilla that says, appellant caused the gun to be carried, concealed in a vehicle in which he was an occupant by concealing the gun between the seats. And so does the language, the cause to be carried language, as interpreted in Padilla, criminalize more conduct than what's covered in the federal statute? And if not, why not, given the difference in language? Okay, well, the government's position, Your Honor, clearly is that it does not encompass conduct that is overbroad. And the reason is that, well, first of all, the facts of Padilla squarely would put that individual underneath the INA because there he had possession. I mean, the police officers in that case reported seeing him pull something out of his pocket and hide it underneath the seat. Are there facts that you could cause to carry, not be in possession? Well, again, the important thing is that Padilla actually, in our belief, is that it reinforces our argument because in that case it was dicta and the California Appellate Court was engaging in exactly the type of legal imagination that the Supreme Court said in Duenas-Alvarez is not sufficient to show that, under the categorical approach, that a statute is overbroad. They engaged in legal imagination and said it was theoretically possible. They used the same exact language the Supreme Court in Duenas-Alvarez said is not sufficient. But they hypothesized possibly someone who doesn't have possession of a weapon who somehow would another means serve to conceal it from the view of the law enforcement authorities while in the vehicle. But our position is that that still would be a constructive carrying, causing to be concealed that weapon because he's an occupant in the vehicle, he knows the weapons in the vehicle, and he is, by some sort of action, causing that to be concealed. So he's an occupant in the vehicle, his friend has a gun on his lap, the police shine a spotlight in there and he turns his body to conceal the gun in the lap. I mean, that's sort of what the Padilla court was saying. I guess, Your Honor. Again, the problem is that it's completely speculating. It's engaging in exactly the type of legal imagination that the Supreme Court in Duenas-Alvarez said is not sufficient. It's his burden as the applicant for relief to show an exact case, any case in the entire California courts where they have said that this is the type of conduct. And he hasn't done it. The best he can show is dicta from a California appellate court that uses exactly this type of language the Supreme Court said is not sufficient under the categorical analysis. And therefore, as an applicant for relief and it being his burden under both the statute and the regulation, that is insufficient and the agency here properly found, the immigration judge properly found, that all three subsections of the California statute categorically involved carrying a concealed weapon. I mean, again, as this court recently held in Manila, which we cited, Congress has revised that statute numerous times. Each time they've revised it, they've broadened its scope. They've added carrying, possessing. Most recently, they added inquiet offenses, attempts at conspiracies. And this court has said that all those revisions show that Congress clearly intends this statute to be interpreted broadly. In the words of this court, it covers the wide panoply of firearms offenses. Any offense related to a firearm is sufficient. And in this case, the agency properly found that all three subsections, including the third section of the California statute causing to be carried concealed, falls within the INA 8 U.S.C. 1227 A2C. Let me ask you about the, they're recently in their 28-J letter. They bring up, I think it's, is it Ovivio Mendez-Oriana, that where they're talking about the antique firearm exception. What's your answer to their argument? Two answers, Judge Callahan. First of all, as you pointed out, our position is that this issue is not exhausted. Although the board's decision came out after, and Mendez-Oriana came out after the decision in this case, obviously the law regarding that exception existed. They clearly could have raised that issue either before the immigration judge or the board, and therefore it exhausted it. Because they didn't, by statute the court is precluded from considering it in the first instance. The agency must consider that. Our second, you know, assuming it's somehow exhausted, our second argument is that the board properly found that that antique firearm exception is an affirmative defense. We disagree with their position that somehow that decision covers an implicit recognition that the California statute of impression is overbroad. It does not. An affirmative defense is something that the defendant must raise, either in the state court proceedings or, as the board held in that case, in the removal proceedings. He must say, hey, wait a minute, this involved an antique firearm, and then introduce some sort of evidence to substantiate that. Well, in California, if you possess an antique firearm, is that still a violation of 12025? That's an excellent question, Your Honor. I don't know. I'm not sure about that. But here, because the INA describes firearm, it links the definition to the federal statute, which the board addressed. Even if it's not an exception under California law, it may have been an exception in the removal case because the definition of firearm is linked to that federal definition. But, again, it was his burden to raise that before the agency so they would have an opportunity to address it in the first instance. And because we're not dealing with an issue of removability, but rather his own eligibility for relief, again, it is his burden. I mean, an affirmative defense does not make a statute of conviction divisible. If it were otherwise, then aliens, you know, after their state court case is done long ago, aliens could raise any number of theoretical affirmative defenses in removal proceedings and then claim victory on the basis of an inconclusive record. 12025, there's a lot of convictions for 12025 in California. Yes, Your Honor. So this case would arguably affect a lot of cases. By all means, Your Honor. Yes, and the argument based on the antique firearm exception would essentially throw the categorical analysis in disarray with respect to removal proceedings. An affirmative defense would somehow make a statute overbroad. The government's position is forcefully that it does not, and that was an issue that he had to raise to show evidence of it in order to properly preserve that before this court. I see my time is being run out. The only other thing is with respect to the voluntary departure issue, again, because the board clearly affirmed that. Well, they said the word discretionary. Pardon me, Your Honor? They said the word discretionary. Yes, because that was clearly. Is that good enough? Yes, Your Honor, because they affirmed the denial and exercise of discretion, this court locks jurisdiction to consider it, and the alien has not raised any constitutional claims or legal questions with respect to that issue. All right. Thank you for your argument. Thank you, Your Honor. Well, in response to the government's argument in terms of the petitioner meeting his burden of proof, the petitioner here has met his burden of proof to show that he is eligible for cancellation of removal. The standard is by a preponderance of the evidence, which is to prove something by a preponderance of the evidence, it's more likely than not. So it's a relatively low threshold, and this court in Sandoval, Lua v. Gonzalez, held that an alien who seeks to prove eligibility can meet their burden of proof by pointing to an inconclusive record of conviction. And here, the petitioner met his burden by submitting conviction documents and a sheriff's letter, and none of which, well, the court did not analyze that because it pre-terminated the application, but had it, these criminal court dispositions that the petitioner presented, he met his burden. And then if, and once the petitioner meets the burden, and now it's the government's burden to show that he was convicted of the offense of the, I'm sorry, the firearm defense as defined in 237A2C of the INA. And that would be our position on that, that the petitioner did meet his burden, as provided by Sandoval, Lua v. Gonzalez. And again, on the other note of the... Voluntary departure. Oh, voluntary departure. Well, it is still our position that the judge incorrectly denied his voluntary departure, and based on that criminal conviction, the only two ways to statutorily bar a voluntary departure is for an aggravated felony, which is not present here, it's not an issue here, or a conviction related to security grounds. Well, essentially, though, if we were to accept your position, we would have to look behind the judge's words, I'm exercising my discretion, and say we don't believe you, we still think that you didn't think you had any, right? Well, yes, Your Honor, but however the judge based that decision on the removable, on the offense, the 12025A, which we're arguing is not a removable offense under immigration law. All right, I think we understand your argument. Thank you, your time has expired. Thank you. This matter will stand submitted. A.J. Oliver v. Ralph's Grocery Company, case number 0956447.
judges: Rymer, Callahan, Ikuta